**LATHAM & WATKINS LLP**
**MARVIN S. PUTNAM** (California Bar No. 212839)
(pro hac vice pending)
marvin.putnam@lw.com
**ROBERT J. ELLISON** (California Bar No. 274374)
(pro hac vice pending)
*robert.ellison@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone: (424) 653.5500
Facsimile: (424) 653.5501

**MORAN BRANDON BENDAVID MORAN**
**JEFFERY A. BENDAVID** (Nev. Bar No. 6220)
j.bendavid@moranlawfirm.com
630 South 4th Street
Las Vegas, Nevada 89101
Telephone: (702) 384.8424
Facsimile: (702) 384.6568

*Attorneys for Plaintiffs*
*Peter Lik and Peter Lik IP Company, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PETER LIK, an individual, and PETER LIK IP COMPANY, LLC, a Nevada limited liability company,

Plaintiffs,

v.

RICHARD MARCHITTO, an individual, RICHARD MARC GALLERY LLC, a Nevada limited liability company, and DOES 1-10, inclusive.

Defendants.

CASE NO.

**COMPLAINT FOR:**

**(1) DIRECT AND INDIRECT COPYRIGHT INFRINGEMENT;**

**(2) TRADEMARK INFRINGEMENT; AND**

**(3) FALSE DESIGNATION OF ORIGIN**

**DEMAND FOR JURY TRIAL**

Plaintiffs Peter Lik and Peter Lik IP Company, LLC, for their complaint against defendants Richard Marchitto, Richard Marc Gallery LLC and Does 1-10, inclusive, allege as follows:

**JURISDICTION**

1. This is a civil action for copyright infringement under the federal Copyright Act of 1976 (as amended), 17 U.S.C. section 101 et seq.; and trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. sections 1114, 1125.

2. This Court has subject matter jurisdiction over the Copyright Act claim under 28 U.S.C. sections 1331 and 1338, and over the Lanham Act claims under 15 U.S.C. section 1121 and 28 U.S.C. section 1338.

3. This Court has personal jurisdiction over defendants because, on information and belief, they reside, conduct substantial business and maintain offices in this State.

**VENUE**

4. Venue in this Court is proper under 28 U.S.C. section 1391(b)(1) because defendants reside in this District and all defendants are residents of Nevada, and 28 U.S.C. section 1391(b)(2) because a substantial part of the events giving rise to the claims alleged in this complaint occurred in this district.

**THE PARTIES**

5. Peter Lik is a citizen of the state of Nevada.

6. Peter Lik IP Company, LLC ("Lik IP Co.") is a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada.

7. On information and belief, defendant Richard Marchitto is a citizen of the state of Nevada, domiciled at 3027 Via Sarafina Drive, Henderson, Nevada 89052.

8. Defendant Richard Marc Gallery LLC is a Nevada limited liability company, with its principal place of business in Las Vegas, Nevada. On information and belief, defendant Richard Marchitto is the sole owner, registered agent, and officer of defendant Richard Marc Gallery LLC, and as sole owner and officer, has the right and ability to control, and a direct financial interest in, its activities.

9. Plaintiffs do not know the true names of defendants Does 1-10, inclusive ("Doe defendants"), and therefore sues those defendants by such fictitious names. The Doe defendants are persons or entities responsible in whole or in part for the wrongdoing alleged herein. Plaintiffs are informed and believe, and based thereon allege, that each of the Doe defendants participated in, ratified, endorsed, or was otherwise involved in the acts complained of, and that they have liability for such acts. Plaintiffs are also informed and believe, and based thereon allege, that defendants had the right and ability to control the activities of certain of the Doe defendants, and that defendants have a direct financial interest in such activities. Plaintiffs will amend this complaint if and when the identities of such persons or entities and/or the scope of their actions become known.

## GENERAL ALLEGATIONS

10. Peter Lik is an internationally renowned artist and pioneer in the field of landscape photography. His work has been on public display for the last three decades, from exhibits at the Smithsonian in Washington, D.C. to the television documentary series *From the Edge With Peter Lik*, which followed the photographer around the world in search of material for his iconic landscape panoramas. Over his 30-year career, Lik has earned hundreds of prestigious awards and accolades for his work, including the title of Master Photographer from both the Australian Institute of Professional Photography and Professional Photographers of America. Lik has also been awarded fellowships from the British Institute of Professional Photographers and the Royal Photographic Society. Lik's photographs are among the most widely-recognizable photographs in the world.

11. Lik displays and sells his photographs in more than a dozen Peter Lik Galleries in the United States and Australia, and on his website, www.lik.com.

12. From April 3, 2006 to July 15, 2009, defendant Richard Marchitto was an employee at the Peter Lik Gallery in Las Vegas, Nevada. During this time, Marchitto had direct access to plaintiffs' works and proprietary information, including the creative and technical processes by which plaintiffs' works are created.

13. Following his employment at the Peter Lik Gallery, Marchitto sought to capitalize

on his insider knowledge and Lik's international acclaim by copying and selling photographs that brazenly and unapologetically infringe Lik's copyrighted works. On or about August 1, 2016, plaintiffs discovered that Marchitto had copied Lik's copyrighted works and was marketing and displaying them on his website, www.marcgallery.com, and in his gallery, the Richard Marc Gallery, located in the Planet Hollywood Resort and Casino in Las Vegas, Nevada. On information and belief, Marchitto solely owns and is the sole officer of Richard Marc Gallery LLC, which in turn solely owns and operates the Richard Marc Gallery and Richard Marc Gallery website.

14. On information and belief, Marchitto, as the sole owner and officer of Richard Marc Gallery LLC, directs the creation, marketing, display, and sale of works offered through the Richard Marc Gallery and its website, and thus exclusively controls and benefits from the activities of Richard Marc Gallery LLC. On information and belief, Marchitto, as the sole owner and officer of Richard Marc Gallery LLC, personally receives financial and other benefits, including critical acclaim, resulting from the marketing, display, and sale of the infringing works through the Richard Marc Gallery and website.

15. Marchitto's website markets and displays at least 20 photographs that are identical or nearly identical to Lik's copyrighted works.

16. The copyright registrations of Lik's works (the "Copyrighted Works") infringed by defendants, of which plaintiffs are currently aware, are identified in Figure 1 below.

| Title of Work | U.S. Copyright Registration Number | Date |
|---|---|---|
| Eternal Flame | VA 0001778295 | 2011 |
| Stone Temple | VA 0001770179 | 2011 |
| The Chief | VA 0001770185 | 2011 |
| Turning Time | VA 0001770035 | 2011 |
| Pristine | VA 0001826823 | 2012 |
| Echoes of Silence | VA 0001770012 | 2011 |
| Neptune Beach | VA 0001825666 | 2012 |
| Mystic Valley | VA 0001770180 | 2011 |
| Tree of Zen | VA 0001919843 | 2014 |
| Sacred Sunrise | VA 0001770056 | 2011 |
| Temple of Sinawava | VA 0001773790 | 2011 |
| Heaven on Earth | VA 0001821272 | 2012 |

| Secret Veil | VA 0001825504 | 2012 |
|---|---|---|
| Dark Side of the Moon | VA 0001770164 | 2011 |
| Fire Rock | VA 0001769968 | 2011 |
| Tranquil Blue | VA 0001919842 | 2014 |
| Coastal Dreams | VA 0001920693 | 2014 |
| Harmony | VA 0001829765 | 2012 |
| Desert Lights | VA 0001778286 | 2011 |
| Angels Heart | VA 0001769957 | 2011 |

**(Figure 1)**

17. Attached hereto as Exhibit A is a series of screenshots of each of Lik's Copyrighted Works listed in Figure 1 above appearing side-by-side with the infringing works sold by defendants and identified on their website. In one of the side-by-sides appearing in Exhibit A, "The Chief," defendants copied both the photograph and title of the work (*see* Figure 2 below).

**(Figure 2)**

18. On or about August 1, 2016, plaintiffs also discovered Marchitto was using on his LinkedIn page plaintiffs' logo, the Lik® mark—a registered trademark wholly comprised of a

stylized version of ***Lik's last name***—in connection with the Richard Marc Gallery. The Richard Marc Gallery is not, and never has been, affiliated with Lik or Lik IP Co.

19. Marchitto's LinkedIn page, displaying the Lik® mark, appears as follows:

**(Figure 3)**

20. On or around August 10, 2016, plaintiffs sent defendants a cease and desist letter regarding their unlawful and unauthorized conduct. Defendants did not respond or cease their infringing conduct.

21. This unlawful conduct must stop. Defendants' website and gallery market, display and distribute works that clearly infringe Lik's copyrights, in violation of 17 U.S.C. section 501. And Marchitto's LinkedIn page uses the Lik® mark without authorization, in violation of 15 U.S.C. sections 1114 and 1125(a).

## FIRST CLAIM FOR RELIEF

### Direct And Indirect Copyright Infringement: 17 U.S.C. § 501

22. Plaintiffs reallege and incorporate by reference all of the preceding paragraphs.

23. Lik owns valid and enforceable copyrights in the Copyrighted Works, which are creative works of original authorship. Lik has copyright registrations for the Copyrighted

Works. The copyright registrations for the Copyrighted Works cover the full photograph, including the artistic compilation therein, depicted in the work.

24. Through the acts alleged above, defendants and others acting in concert with them violated Lik's exclusive rights to reproduce, make copies of, distribute and display the Copyrighted Works, by, among other things, copying and displaying the Copyrighted Works on defendants' website and in defendants' gallery without a license, and/or materially contributing to others' efforts to do so, in violation of 17 U.S.C. section 106.

25. Defendants and those acting in concert with them were not authorized to copy, download, reproduce, distribute, create derivative works from, or display the Copyrighted Works. Defendants have no valid defense for their unauthorized copying, downloading, reproducing, distributing, creating of derivative works, and/or displaying of the Copyrighted Works, including without limitation, a defense based on the fair use doctrine or any claim to have been joint author or joint authors of any of the Copyrighted Works.

26. Defendants and those acting in concert with them knew or should have known that copying, distributing, displaying, and/or creating derivative works of and from the Copyrighted Works—which they had no license to copy, distribute, display, or create derivative works from—or controlling, directing, intentionally encouraging, inducing, or materially contributing to others' efforts to do so, infringed Lik's exclusive rights in the Copyrighted Works.

27. On information and belief, defendant Marchitto materially contributes to the unauthorized use of the Copyrighted Works by some or all other defendants by, among other things, creating works that infringe Lik's exclusive rights in the Copyrighted Works and marketing those works through the Richard Marc Gallery and website. In other words, but for Marchitto's infringements, his gallery and website (and those galleries and websites of the Doe defendants) would not have content to market and sell.

28. Similarly, on information and belief, defendant Richard Marc Gallery LLC materially contributes to the unauthorized use of the Copyrighted Works by some or all other defendants by, among other things, marketing the Copyrighted Works through the Richard Marc

Gallery and website.  In other words, by marketing and selling the Copyrighted Works, the Richard Marc Gallery and website are encouraging and incentivizing Marchitto to continue infringing and enabling the Doe defendants to infringe as well.

29.     To the extent that the Doe defendants were direct infringers of the Copyrighted Works as described herein, defendants are indirectly liable for such direct infringements on all known theories of indirect liability, including without limitation vicarious liability, contributory liability, and "inducement" liability.

30.     Defendants have, or at relevant times had, the right and ability to control the infringing conduct of their agents, affiliates, and co-conspirators.  And defendants have received, and continue to receive, a direct benefit (financial and otherwise) from the infringing conduct of their agents, affiliates, and co-conspirators.

31.     Defendants had knowledge of the conduct of their agents, affiliates, and co-conspirators that constitutes infringement, and materially contributed to that infringement, in the manner described herein.  And defendants deliberately and shamelessly induced that infringement for their own gain, as described herein.

32.     Lik is entitled to damages from defendants in an amount to be proven at trial, including profits attributable to the infringement not taken into account in computing actual damages under 17 U.S.C. section 504(b).  Lik is entitled to statutory damages under 17 U.S.C. section 504(c) based on defendants' infringements.  Lik is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. section 505.

33.     Defendants' infringement of Lik's exclusive rights has also caused Lik irreparable injury.  Unless restrained and enjoined, defendants will continue to commit such acts.  Lik's remedies at law are not adequate to compensate it for these inflicted and threatened injuries, entitling it to remedies including injunctive relief as provided by 17 U.S.C. section 502 and an order impounding or destroying any and all infringing materials pursuant to 17 U.S.C. section 503.

**SECOND CLAIM FOR RELIEF**

**Trademark Infringement: 15 U.S.C. § 1114**

34. Plaintiffs reallege and incorporate by reference all of the factual allegations set forth above.

35. Lik IP Co. owns the Lik® mark, which was registered with the United States Patent and Trademark Office in 2012 with the registration number 4134889.

36. Defendants do not have authorization, license or permission from plaintiffs to market and sell their services under the Lik® mark or any confusingly similar mark.

37. Defendants were on constructive notice that the Lik® mark was owned by Lik IP Co. based on Lik IP Co.'s longstanding federal registration. In fact, it is clear from defendants' LinkedIn page that they were purposely trading off the famous Lik® mark. Thus defendants' unauthorized use of the Lik® mark was knowing, intentional and willful.

38. Defendants' use of the Lik® mark in interstate commerce constitutes a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Lik IP Co. in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive. For example, viewers, users or customers of defendants' LinkedIn page, website, services or gallery are likely to be confused as to whether defendants' LinkedIn page, website, services or gallery are associated with or approved by plaintiffs.

39. As a direct and proximate result of defendants' misconduct, plaintiffs have been, and will continue to be, irreparably harmed and injured, and such harm will continue unless enjoined by this Court. Plaintiffs have no adequate remedy at law and are therefore entitled to injunctive relief.

40. Defendants' misconduct has been and is knowing, deliberate, and willful. Pursuant to 15 U.S.C. section 1117(a), defendants' willful use of the Lik® mark without excuse or justification makes this an exceptional case, entitling plaintiffs to an award of treble damages and reasonable attorneys' fees and costs.

**THIRD CLAIM FOR RELIEF**

**False Designation of Origin: 15 U.S.C. § 1125(a)**

41. Plaintiffs reallege and incorporate by reference all of the factual allegations set forth above.

42. Lik IP Co. owns the Lik® mark, which was registered with the United States Patent and Trademark Office in 2012 with the registration number 4134889.

43. Defendants do not have authorization, license or permission from plaintiffs to market and sell their services under the Lik® mark or any confusingly similar mark.

44. Defendants were on constructive notice that the Lik® mark was owned by Lik IP Co. based on Lik IP Co.'s longstanding federal registration. In fact, it is clear from defendants' LinkedIn page that they were purposely trading off the famous Lik® mark. Thus, defendants' unauthorized use of the Lik® mark was knowing, intentional and willful.

45. Defendants' use of the Lik® mark in interstate commerce constitutes a reproduction, counterfeit, copy, or colorable imitation of a registered trademark of Lik IP Co. in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive. For example, viewers, users or customers of defendants' LinkedIn page, website, services or gallery are likely to be confused as to whether defendants' LinkedIn page, website, services or gallery are associated with or approved by plaintiffs.

46. As a direct and proximate result of defendants' misconduct, plaintiffs have been, and will continue to be, irreparably harmed and injured, and such harm will continue unless enjoined by this Court. Plaintiffs have no adequate remedy at law and are therefore entitled to injunctive relief.

47. Defendants' misconduct has been and is knowing, deliberate, and willful. Pursuant to 15 U.S.C. section 1117(a), defendants' willful use of the Lik® mark without excuse or justification makes this an exceptional case, entitling plaintiffs to an award of treble damages and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for the following relief:

A. An injunction prohibiting defendants' unlawful conduct;

B. An order awarding plaintiffs restitution and damages, including, but not limited to, liquidated, compensatory, statutory, treble damages and punitive damages, as permitted by law;

C. An order awarding plaintiffs pre-judgment interest;

D. An order awarding plaintiffs their costs of suit, including, but not limited to, reasonable attorneys' fees, as permitted by law; and

E. An order awarding plaintiffs such other relief as the Court deems appropriate.

DATED this 16th day of September 2016.

**MORAN BRANDON BENDAVID MORAN**

*/s/ Jeffery A. Bendavid, Esq.*
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
630 South 4th Street
Las Vegas, Nevada 89101
(702) 384-8424

**LATHAM & WATKINS LLP**

*/s/ Marvin S. Putnam, Esq.*
**MARVIN S. PUTNAM** (pro hac vice pending)
marvin.putnam@lw.com
**ROBERT J. ELLISON** (pro hac vice pending)
robert.ellison@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067

*Attorneys for Plaintiffs Peter Lik and Peter Lik IP Company, LLC*

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Local Rule 38-1, plaintiffs demand a trial by jury.

DATED this 16th day of September 2016.

**MORAN BRANDON BENDAVID MORAN**

*/s/ Jeffery A. Bendavid, Esq.*
**JEFFERY A. BENDAVID, ESQ.**
Nevada Bar No. 6220
630 South 4th Street
Las Vegas, Nevada 89101
(702) 384-8424

**LATHAM & WATKINS LLP**

*/s/ Marvin S. Putnam, Esq.*
**MARVIN S. PUTNAM** (pro hac vice pending)
marvin.putnam@lw.com
**ROBERT J. ELLISON** (pro hac vice pending)
robert.ellison@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067

*Attorneys for Plaintiffs Peter Lik and Peter Lik IP Company, LLC*