1   LATHAM & WATKINS LLP
      Marvin S. Putnam (*admitted pro hac vice*)
2     *marvin.putnam@lw.com*
      Robert J. Ellison (*admitted pro hac vice*)
3     *robert.ellison@lw.com*
    10250 Constellation Blvd., Suite 1100
4   Los Angeles, California 90067
    Telephone: (424) 653.5500
5   Facsimile: (424) 653.5501

6   MORAN BRANDON BENDAVID MORAN
      Jefferey A. Bendavid (Nev. Bar No. 6220)
7     *j.bendavid@moranlawfirm.com*
    630 South 4th Street
8   Las Vegas, Nevada 89101
    Telephone: (702) 384.8424
9   Facsimile: (702) 384.6568

10  Attorneys for plaintiffs
    Peter Lik and Peter Lik IP Company, LLC
11

12               UNITED STATES DISTRICT COURT

13                   DISTRICT OF NEVADA

14

15  PETER LIK, an individual, and PETER LIK     CASE NO. 2:16-cv-02200-RFB-NJK
    IP COMPANY, LLC, a Nevada limited
    liability company,                          **STIPULATED PROTECTIVE ORDER**
16                                              **GOVERNING CONFIDENTIAL**
                                                **MATERIALS**
17                     Plaintiffs,

                   v.                           Complaint Filed: September 16, 2016
18                                              Trial Date: TBD

19  RICHARD MARCHITTO, an individual,
    RICHARD MARC GALLERY LLC, a
    Nevada limited liability company, and DOES
20  1-10, inclusive.

21                     Defendants.              **AS AMENDED**

22

23

24

25

26

27

28

1        Plaintiffs Peter Lik and Peter Lik IP Company, LLC and defendants Richard Marchitto

2  and Richard Marc Gallery LLC stipulate as follows:

3                                  **PURPOSES AND LIMITATIONS**

4        Disclosure and discovery activity in this action may involve production of certain

5  confidential, proprietary, private or trade secret information for which special protection from

6  disclosure would be warranted.  Accordingly, the parties hereby stipulate to and petition the

7  Court to enter the following Stipulated Protective Order Governing Confidential Materials

8  ("Order").  The parties acknowledge that this Order does not confer blanket protections on all

9  disclosures or responses to discovery and that the protection it affords extends only to the limited

10  information or items that are entitled to treatment as confidential under applicable state or federal

11  law.  The parties further acknowledge that this Order creates no entitlement to file confidential

12  information under seal; the parties shall follow the applicable rules when seeking permission

13  from the Court to file material under seal.

14        Notwithstanding anything in this Order, the parties agree that Disclosure or Discovery

15  Material, as defined in Section I.B below, shall not be used by the Receiving Party, as defined in

16  Section I.C below, for any purpose other than for prosecuting or defending this action, unless

17  otherwise agreed to by the parties.

18  **I.**      **DEFINITIONS**

19      **A.**      **Party or Parties**:  any party to this action, and all parties to this action, including

20  all of its or their officers, directors, owners, members, partners, trustees, beneficiaries,

21  employees, consultants, retained experts, attorneys, and outside counsel (and their support staff).

22      **B.**      **Disclosure or Discovery Material**:  all items or information, regardless of the

23  medium or manner generated, stored, or maintained (including, among other things, testimony,

24  transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any

25  Party or non-party in disclosures or responses to discovery in this matter.

26      **C.**      **Receiving Party**:  a Party that receives Disclosure or Discovery Material from a

27  Producing Party.

28

1      **D.**      **Producing Party**: a Party or non-party that produces Disclosure or Discovery

2   Material in this action.

3      **E.**      **Designating Party**: a Party or non-party that designates information or items that

4   it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

5   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" as those terms are defined below.

6      **F.**      **"CONFIDENTIAL" Information or Items**: information (regardless of how

7   generated, stored, or maintained) or tangible things that a Designating Party believes in good

8   faith is confidential under applicable state or federal law. "CONFIDENTIAL" Information or

9   Items generally include materials used by the Designating Party in or pertaining to its business,

10  which matter is not generally known and which the Designating Party would not normally reveal

11  to third parties or would cause third parties to maintain in confidence.

12     **G.**      **"CONFIDENTIAL - ATTORNEYS' EYES ONLY" Information or Items:**

13  information (regardless of how generated, stored or maintained) or tangible things that a

14  Designating Party believes in good faith contains highly sensitive information that, if disclosed

15  to a competitor, would or may cause competitive harm, including but not limited to any (a) trade

16  secrets, as that term is defined in Nev. Rev. Stat. § 600A.030, (b) confidential or competitively

17  sensitive research, development, financial or commercial information, or (c) highly sensitive

18  personal information (such as credit information and/or social security numbers).

19     **H.**      **Protected Material**: any Disclosure or Discovery Material that is designated as

20  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

21     **I.**      **Outside Counsel**: attorneys not employed by the parties who are retained to

22  represent or advise a Party in this action.

23     **J.**      **Expert:** a person with specialized knowledge or experience in a matter pertinent

24  to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as

25  a consultant in this action.

26     **K.**      **Professional Vendors**: persons or entities that provide litigation support services

27  (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

28  storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

II.    SCOPE

The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel in any settings that the Designating Party believes in good faith might reveal Protected Material.  All notes, memoranda, reports, and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated as Protected Material.

This Order shall not apply to testimony or presentations at Court hearings or other Court proceedings.  The Parties shall take up matters of confidentiality with the Court or judicial officer conducting such proceeding at the appropriate time in an effort to protect the material that is the subject of this Order, subject to such Court or judicial officer's determination regarding how to treat such material at such proceeding.

III.   DURATION

Even after the termination of this litigation—whether by settlement, discontinuance, dismissal, severance, judgment or other disposition—the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

IV.   DESIGNATING PROTECTED MATERIALS

A.    Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires the following:

1.    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings):  the Producing Party must affix the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains Protected Material, including on each page of any electronically produced document.

1    A Party or non-party that makes original documents or materials available for inspection

2  need not designate them for protection until after the inspecting Party has indicated which

3  material it would like copied and produced.  During the inspection and before the designation, all

4  of the material made available for inspection shall be deemed "CONFIDENTIAL –

5  ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

6  copied and produced, the Producing Party must determine which documents, or portions thereof,

7  qualify for protection under this Order, and before producing the specified documents, the

8  Producing Party must affix the appropriate legend at the top or bottom of each page that contains

9  Protected Material.

10          2.       For testimony given in deposition:  all transcripts will automatically be

11  designated "CONFIDENTIAL" from the day of the deposition or proceeding to fourteen (14)

12  calendar days after receipt by the witness or the witness's attorney of notice that the transcript is

13  ready for review.  During this period of automatic designation, the Designating Party may

14  provide written designations of those portions of the testimony that qualify for protection under

15  this Order.  If such written designations are submitted, then the transcript will be revised to

16  reflect those designations.  After the expiration of this period of automatic designation, if no

17  written designations are submitted by the Designating Party, then the entire transcript will be

18  deemed non-Protected Material, and the transcript will be revised to remove all confidentiality

19  designations.

20          3.       For information produced in some form other than documentary, and for

21  any other tangible items:  the Producing Party must affix the legend "CONFIDENTIAL" or

22  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a prominent place on the exterior of the

23  container or containers in which the information or item is stored, or in some other reasonable

24  fashion depending on the form of the material.  If that matter is stored or recorded electronically

25  (including information databases, images, or programs stored on computers, discs, networks or

26  backup tapes) and a legend cannot be affixed on it, the Designating Party may designate such

27  material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by

28  cover letter identifying the Protected Material.  Parties other than the Producing Party shall also

1   have the right to designate such materials for confidential treatment in accordance with this

2   Order by written notice.  If only portions of the information or item warrant protection, the

3   Designating Party, to the extent practicable, shall designate the protected portions only.

4          **B.       Inadvertent Failures to Designate.**  If corrected, an inadvertent failure to

5   designate qualified information or items as Protected Material does not, standing alone, waive

6   the Designating Party's right to secure protection under this Order for such material.  If material

7   is appropriately designated after the material was initially produced, the Receiving Party, on

8   timely notification of the designation, must make reasonable efforts to assure that the material is

9   treated in accordance with the provisions of this Order.  As used in this Order, an act is "timely"

10  if it does not unduly prejudice another Party.

11         **C.       Production of Privileged or Otherwise Protected Material.**  Pursuant to

12  Federal Rule of Evidence 502(d), if in connection with this litigation documents or information

13  subject to a claim of attorney-client privilege, work product protection and/or any other privilege

14  or protection from disclosure are disclosed ("Disclosed Information") by the Producing Party,

15  the disclosure of such Disclosed Information shall not constitute or be deemed a waiver of any

16  claim of attorney-client privilege, work product protection or any other privilege or protection

17  that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed

18  Information and its subject matter.

19         The Producing Party shall promptly notify the Receiving Party of any claim of disclosure

20  with respect to Disclosed Information upon discovering the inadvertent disclosure.  Promptly

21  upon notification, and in no event later than five (5) business days after receiving notice, the

22  Receiving Party shall return and/or destroy all copies of the Disclosed Information identified in

23  the notice, and shall certify in writing that it has done so.  In so doing, the Receiving Party shall

24  not waive or prejudice any challenge it may have to the alleged privileged status of the Disclosed

25  Information.  Where recovery and return/destruction of Disclosed Information results in material

26  costs, the Receiving Party may apply to the Court to seek recovery of said costs.  If, after

27  undertaking an appropriate meet-and-confer process, the parties are unable to resolve any dispute

28  they have concerning the Disclosed Information, the Receiving Party may file the appropriate

1   motion or application as provided by the Court's procedures to compel production of such

2   material.

3         Nothing in this section or in this Order waives or limits the protections afforded to the

4   parties by the applicable Federal Rules of Civil Procedure.

5   **V.**     **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6         **A.**     **Meet and Confer.** A Party that elects to initiate a challenge to a Designating

7   Party's confidentiality designation (the "Challenging Party") must do so in good faith and must

8   begin the process by requesting in writing a conference directly (in voice to voice dialogue; other

9   forms of communication are not sufficient to satisfy the requirement of a "conference") with

10   counsel for the Designating Party. Counsel for the Designating Party shall be available to

11   participate in the requested conference within five (5) business days (excluding legal holidays) of

12   receipt of the written request, subject to an additional two (2) business day extension to meet and

13   confer under exigent circumstances, provided that the party requesting the extension explains

14   with specificity the nature of the exigent circumstances. In conferring, the Challenging Party

15   must explain the basis for its belief that the confidentiality designation was not proper and must

16   give the Designating Party an opportunity to review the designated material, to reconsider the

17   circumstances, and, if no change in designation is offered, to explain the basis for the chosen

18   designation. A Party may proceed to the next stage of the challenge process only after it has

19   engaged in this meet and confer process.

20         **B.**     **Judicial Intervention.** If the Parties are unable to resolve a dispute regarding a

21   challenge to a confidentiality designation pursuant to Paragraph V.A above, they will submit a

22   motion to the Court in compliance with the requirements of ~~Local Rule 26-1~~ Local Rule 26-7. Prior to making

23   such submission, the parties must comply with Local Rule IA 1-3(f), to the extent not satisfied

24   by the parties' meet-and-confer process under Paragraph V.A above.

25         The burden of persuasion in any such challenge proceeding shall be on the Designating

26   Party. Until the Court rules on the challenge, all parties shall continue to afford the material in

27   question the protection to which it is entitled under the Producing Party's designation.

28

1   **VI.**    **ACCESS TO AND USE OF PROTECTED MATERIAL**

2       **A.**    **Basic Principles.** A Receiving Party may use Protected Material that is disclosed

3   or produced by another Party or by a non-party in connection with this case only for prosecuting,

4   defending, or attempting to settle this litigation. Such Protected Material may be disclosed only

5   to the categories of persons and under the conditions described in this Order. When the litigation

6   has been terminated, a Receiving Party must comply with the provisions of Section IX below.

7   Protected Material must be stored and maintained by a Receiving Party at a location and in a

8   secure manner that reasonably ensures that access is limited to the persons authorized under this

9   Order.

10       **B.**    **Disclosure of "CONFIDENTIAL" Information or Items.** Unless otherwise

11   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

12   disclose any information or item designated "CONFIDENTIAL" only to:

13        1.    The Receiving Party's in-house counsel and Outside Counsel in this

14   action, as well as employees and consultants of said counsel to whom it is reasonably necessary

15   to disclose the information for this litigation;

16        2.    The Receiving Party, if that party is an individual, or if the Receiving

17   Party is an entity, then its officers, directors, owners, members, partners, trustees, beneficiaries,

18   and employees of the Receiving Party to whom disclosure is reasonably necessary for this

19   litigation;

20        3.    Experts (as defined in Section I.J above) of the Receiving Party, and their

21   administrative support staff if any, to whom disclosure is reasonably necessary for this litigation

22   and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order"

23   (Exhibit A);

24        4.    The Court and its personnel;

25        5.    Neutral evaluators, mediators or arbitrators assigned to the case by the

26   Court or retained for the case by the mutual agreement of the Parties;

27        6.    Professional Vendors for services such as copying, scanning, or electronic

28   document processing to whom disclosure is reasonably necessary for this litigation;

7.      Court reporters and their staff to whom disclosure is reasonably necessary for this litigation;

8.      During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

9.      Any author or recipient of the document or the original source of the information disclosed in the document; and

10.     The Receiving Party's insurance carrier(s) and their counsel to the extent reasonably related to any actual or potential coverage in connection with this litigation.

**C.      Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.**  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to those persons in Section VI(B)(1), (3)-(10) above.

**D.      Maintenance of Signed Agreements.**  Counsel for the Receiving Party wishing to disclose Protected Materials shall maintain the original signed "Acknowledgement and Agreement(s) to Be Bound by Protective Order."

**E.      Disclosure Not Otherwise Authorized.**  In the event that counsel representing any Party in this action believes that it is necessary to disclose Protected Materials to an individual or entity to whom disclosure is not permitted by this Order, such counsel shall make a written request (delivered by hand, email or fax) to counsel for the Designating Party identifying the individual to whom it is desired to make such disclosure and the specific Protected Materials involved, and notifying the Designating Party that they have ten (10) business days to object to such disclosure.  Within ten (10) business days of the request, counsel for the Designating Party may object to such disclosure by delivering by hand, email, or fax a written objection to counsel serving the disclosure request.  Failure to so object constitutes consent to such disclosure.

In the event that a Designating Party objects to such disclosure, such Protected Materials shall not be disclosed to any individual other than those to whom disclosure is permitted by this

1  Order until such dispute has been resolved by agreement of the Parties or, after the Parties

2  engage in a good faith meet and confer about this issue, by order of the Court.  However, the

3  Parties agree to act in good faith to approve reasonable requests, if feasible, to use Protected

4  Material at depositions taken in this action, but acknowledge that requests of this nature should

5  generally be made using the procedure in this section prior to the deposition if reasonably

6  anticipated.

7      **F.**     **Authorized Disclosures.** Nothing in this Order shall preclude any Party or their

8  attorneys from:

9          1.          Showing materials designated as Protected Material to an individual who

10  either prepared or reviewed the document prior to the filing of this action, or is shown by the

11  document to have received the document.

12         2.          Disclosing or using, in any manner or for any purpose, any information,

13  documents, or things from the Party's own files.

14         3.          Disclosing or using, in any manner or for any purpose, any information,

15  documents, or things obtained from a source other than discovery.

16         4.          Disclosing or using, in any manner or for any purpose, any information,

17  document, or thing that is at the time of production or disclosure, or subsequently becomes,

18  through no wrongful act or failure to act on the part of the Receiving Party, generally available to

19  the relevant public through publication or otherwise, or is already rightfully in the possession of

20  the Receiving Party at the time of production.

21  **VII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

22          **OTHER LITIGATION**

23      If a Receiving Party is served with a subpoena or an order issued in other litigation that

24  would compel disclosure of any information or items designated in this action as Protected

25  Material, to the extent not violative of any statute, rule, or order applicable to such party in such

26  litigation, the Receiving Party must so notify the Designating Party, in writing (by hand, email or

27  fax), promptly and in no event more than five (5) court days after receiving the subpoena or

28  order.  Such notification must include a copy of the subpoena or court order.

1    The Receiving Party also must immediately inform in writing the party who caused the

2    subpoena or order to issue in the other litigation that some or all of the material covered by the

3    subpoena or order is the subject of this Order.  In addition, the Receiving Party must deliver a

4    copy of this Order promptly to the party in the other action that caused the subpoena or order to

5    issue.

6         The purpose of imposing these duties is to alert the interested parties to the existence of

7    this Order and to afford the Designating Party an opportunity to try to protect its confidentiality

8    interests in the court from which the subpoena or order issued.  The Designating Party shall bear

9    the burdens and the expenses of seeking protection in that court of its confidential material to the

10   extent permissible by such court.  Nothing in this Order is intended or should be construed as

11   authorizing a party to disobey a lawful subpoena issued in another action.

12   **VII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

13        If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

14   Material to any person or in any circumstance not authorized under this Order, the Receiving

15   Party must immediately (a) notify in writing the Designating Party of the unauthorized

16   disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the

17   person or persons to whom unauthorized disclosures were made of all the terms of this Order,

18   and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

19   Bound" that is attached as Exhibit A.

20   **VIII.  FILING PROTECTED MATERIAL**

21        In accordance with Local Rule IA 10-5, if any papers to be filed with the Court contain

22   information and/or documents that have been designated as Protected Material, the proposed

See order issued concurrently ed by an application to file the papers or the portion thereof containing
herewith

n or documents (if such portion is segregable) under seal; and the

25   application shall be directed to the judge to whom the papers are directed.  For motions, the

26   parties shall publicly file a redacted version of the motion and supporting papers.

27   **IX.   FINAL DISPOSITION**

28        Unless otherwise ordered or agreed in writing by the Producing Party, within ninety (90)

1    days after the final termination of this action (e.g., a Court order terminating this action and from

2    which no appeal is taken), each Receiving Party must make reasonable efforts to return or

3    destroy the Protected Material. As used in this paragraph, "Protected Material" includes all

4    copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

5    the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving

6    Party must submit a written certification to the Producing Party (and, if not the same person or

7    entity, to the Designating Party) by the 90-day deadline that affirms that the Receiving Party has

8    taken reasonable efforts to comply with the foregoing provisions, and has not retained any

9    copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the

10    Protected Material. "Reasonable efforts" shall not require the return or destruction of Protected

11    Material that (i) is stored on backup storage media made in accordance with regular data backup

12    procedures for disaster recovery purposes, (ii) is located in the email archive system or archived

13    electronic files of departed employees, or (iii) is subject to legal hold obligations. Backup

14    storage media will not be restored for purposes of returning or certifying destruction of Protected

15    Material, but such retained information shall continue to be treated in accordance with the Order.

16         Notwithstanding this provision, counsel are entitled to retain archival copies and are not

17    required to return or destroy copies of all pleadings, motion papers, written discovery,

18    transcripts, legal memoranda, correspondence, attorney-client communications or attorney work

19    product, even if such materials contain Protected Material, provided that such counsel take

20    appropriate steps to prevent the disclosure in a manner contrary to this Order of such Protected

21    Material. Any such archival copies that contain or constitute Protected Material remain subject

22    to this Order as set forth in Section III above.

23    **X.**     **MISCELLANEOUS**

24         **A.**     **Right to Further Relief.** Nothing in this Order abridges the right of any person

25    to seek its modification by the Court in the future.

26         **B.**     **Admissions and Waivers.** Neither the entry of this Order, nor the designation of

27    any information or documents as Protected Material, or failure to make such a designation, shall

28    constitute evidence or any admission with respect to any issue in the case, and shall not

1   constitute a waiver of any objections to the disclosure of such information.  Nothing in this Order

2   shall be construed as waiving any objections of either Party as to the admissibility of a particular

3   document into evidence.  Moreover, nothing in this Order shall be construed to require any Party

4   to disclose to any other Party any Protected Material, or to prohibit any Party from refusing to

5   disclose Protected Material to any other party.

6          C.      **Right to Assert Other Objections.**  By stipulating to the entry of this Order, no

7   Party waives any right it otherwise would have to object to disclosing or producing any

8   information or item on any ground not addressed in this Order.

9

10  **IT IS SO STIPULATED.**

11

12  Dated:  December 6, 2016                      LATHAM & WATKINS LLP

13

14                                               By _____

15                                               Marvin S. Putnam
                                                 Robert J. Ellison
                                                 Attorneys for plaintiffs Peter Lik and
16                                               Peter Lik IP Company, LLC

17  Dated:  December 6, 2016                      RANDAZZA LEGAL GROUP

18

19                                               By /s/ Ronald D. Green
                                                 _____
20                                               Ronald D. Green
                                                 Attorneys for defendants Richard Marchitto
21                                               and Richard Marc Gallery LLC

22

23  **IT IS SO ORDERED.**

24                                               _____

25                                               UNITED STATES MAGISTRATE JUDGE

26                                               DATED: December 7, 2016

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY**

**PROTECTIVE ORDER**

I, [NAME], with an address of [ADDRESS], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Nevada on _____, 2016, in the case of *Peter Lik and Peter Lik IP Company, LLC v. Richard Marchitto and Richard Marc Gallery LLC*, Case No. 2:16-cv-02200-RFB-NJK.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court. I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed on _____, 20___, at [CITY AND STATE].

Signature: _____